STEVEN T. GUBNER - Bar No. 156593
RICHARD D. BURSTEIN - Bar No. 56661
TALIN KESHISHIAN - Bar No. 201830
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sgubner@bg.law
rburstein@bg.law
tkeshishian@bg.law

Attorneys for David Seror, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DISTRICT

| | |
|---|---|
| In re<br><br>AKHOIAN ENTERPRISES, INC. dba MR. ROOTER PLUMBING,<br><br>Debtors.<br><br>AKHOIAN ENTERPRISES, INC. dba MR. ROOTER PLUMBING,<br><br>Plaintiff,<br><br>v.<br><br>FIRST CITIZENS BANK & TRUST COMPANY, a North Carolina corporation; Kl, LLC, a California limited liability company; KRAVITZ, LLC, a Delaware limited liability company; LOUIS KRAVITZ & ASSOCIATES, INC., a California corporation; KRAVITZ, INC., a California corporation; ASCENSUS, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 1:17-bk-10017-MT<br><br>Chapter 7<br><br>Adv. Case No. 1:18-ap-01127-MT<br><br>**TRUSTEE'S OPPOSITION TO MOTION (1) OBJECTING TO REMOVAL AND (2) TO REMAND ADVERSARY PROCEEDING TO STATE COURT PURSUANT TO 28 U.S.C. § 1452**<br><br>**Date:** April 3, 2019<br>**Time:** 10:00 a.m.<br>**Place:** Courtroom 302<br>United States Bankruptcy Court<br>21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |

2058718

1

**TO THE HONORABLE MAUREEN A. TIGHE, UNITED STATES BANKRUPTCY JUDGE, DEFENDANTS AND THEIR COUNSEL OF RECORD, AND ALL OTHER INTERESTED PARTIES:**

David Seror, the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of debtor Akhoian Enterprises, Inc. dba Mr. Rooter Plumbing ("Debtor") hereby opposes ("Opposition") the Notice of Motion and Motion (1) Objecting To Removal And (2) To Remand Adversary Proceeding To State Court Pursuant To 28 U.S.C. § 1452 [Dkt. 7] ("Motion") filed by Debtor, John Akhoian and Tamar Akhoian (collectively the "Plaintiffs") and the Plaintiffs' Supplement to the Motion ("Supplement").

**I.  NOTICE OF REMOVAL**

On January 4, 2017, the Debtor initiated the instant bankruptcy case by filing a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United State Code in the United States Bankruptcy Court for the Central District of California ("Bankruptcy Case"). Thereafter, David Seror was appointed as Chapter 7 Trustee ("Trustee"), in which capacity he continues to serve.

On October 11, 2018, the Trustee filed his Motion to approve a settlement ("Settlement Agreement") reached between and executed by the Trustee and non-debtors John and Tamar Akhoian ("Akhoians") [Docket No. 74] ("Compromise Motion"). The Debtor was represented by its bankruptcy counsel, David S. Hagen, with respect to negotiation of the Settlement Agreement. No parties objected to the Compromise Motion, and it was approved by this Court pursuant to the Order entered on November 13, 2018 [Docket No. 91] ("Compromise Order").

Pursuant to the Settlement Agreement, attached as Exhibit 1 to the Compromise Motion, among other things, the Trustee was authorized to retain and administer $160,000 of funds in a previously undisclosed account in the name of the Debtor at First-Citizens Bank that had a total balance of approximately $400,000 ("FCB1 Funds"), which account the Trustee first discovered in or about March 2017, and which was turned over to the Trustee upon demand made by him on the account holder. The Trustee had maintained, after analysis of all documentation with respect thereto, that the entirety of the balance of the FCB Funds was property of the Estate; the Akhoians claimed that the entirety of the FCB Funds was non estate retirement/profit sharing 401(k) funds for the benefit of the Akhoians. The Settlement Agreement also provided that the Trustee ultimately will

retain $160,000 of the FCB Funds and an additional $25,000 in the event any of certain disputed claims to which the Debtor agreed to object[1] were allowed in whole or in part after hearings on those claims objections. The Settlement Agreement provides for the timing and conditions precedent of disbursement by the Trustee of those portions of the FCB Funds not to be retained by the Trustee and the Trustee is in compliance therewith.

On November 16, 2018, the Debtor and the Akhoians filed the Complaint ("Complaint") commencing the State Court Action.[2] The Complaint relates to the FCB Account, and asserts claims against defendants FCB and the Akhoians' former counsel, Louis Kravitz ("Kravitz") and various entities related to Kravitz, regarding the establishment of the Debtor's retirement plan. The Complaint alleges causes of action for professional negligence against the defendants for their conduct alleged to have proximately caused the loss of the funds described hereinabove. In addition, the Complaint mischaracterizes the conduct of the Trustee and fails to fully disclose the material facts of the investigation and settlement undertaken in connection with the FCB Funds. The Trustee asserts among other things that the claims contained in the Complaint may be property of this Estate as they are certainly the subject of the Compromise Motion and this Court's Compromise Order and as they relate to the Trustee's conduct, they must be adjudicated before this Court.

///

---

[1] Conversely, the Trustee agreed that such additional funds would be returned to the Akhoians in the event such disputed claim were disallowed in their entirety. The Debtor's Objections to claim 4 [Dkt. no. 81] and to claims 7,8 and 9 [Dkt no. 78-80] were filed on November 9, 2018 and are set for hearing on Dec 12, 2018. It appears that the Debtor has reached a stipulation on claim no. 4, which stipulation was approved by this Court on January 16, 2019.

[2] It appears that the defendants in the Complaint filed a prior action against the Plaintiffs on the guaranty, just 10 days prior to the Complaint on November 7, 2018. See Motion p. 8 ll:16-17. It is not entirely clear why Plaintiff's initiated the Complaint as opposed to a cross complaint in the existing action that defendants initiated less than two weeks earlier. Nevertheless, it appears that Plaintiff decided not to cross complain in the prior action. While the guaranty may not be related to the bankruptcy case, the Plaintiff's Complaint clearly is' related' because it arises out of the settlement approved by this Bankruptcy Court.

3

2058718

On December 11, 2018, the Trustee of the bankruptcy estate of the Debtor, pursuant to 28 U.S.C. §§ 1452(a) and 1334(b), Rule 9027 of the Federal Rules of Bankruptcy Procedure filed the Notice of Removal of the civil action titled *Akhoian Enterprises, Inc. dba Mr. Rooter Plumbing, a California corporation; John Akhoian, an individual; and Tamar Akhoian, an individual v. First-Citizens Bank & Trust Company, a North Carolina corporation; KI, LLC, a California limited liability company; Kravitz, LLC, a Delaware limited liability company; Louis Kravitz & Associates, Inc., a California corporation; Kravitz, Inc., a California corporation; Ascensus, Inc., a Delaware corporation; and Does 1 through 10, inclusive*, Case No. 18STCV05408 ("State Court Action"), from the Superior Court of California, County of Los Angeles, where it was pending, to the United States Bankruptcy Court, Central District of California, San Fernando Valley Division ("Notice of Removal").

The Notice of Removal was timely pursuant to the requirements of Fed. R. Bankr. Proc. 9027(a)(3)(A).[3] On December 19, 2018 [Dkt. 2], the Court filed a Notice of and Order for Status Conference, setting a status conference ("Status Conference") on January 16, 2019 at 10:00 a.m.  On January 10, 2019 the Plaintiffs filed the Motion seeking to remand the removed State Court Action back to Superior Court.  On January 16, 2019 the Plaintiffs filed the Supplement.  The February 6 hearing was continued by stipulation and order to April 3 and the Trustee's response date to the Motion and Supplement was correspondingly continued to March 20, 2019.

**II. THE STANDARD FOR REMOVAL/REMAND**

As is apparent from the Notice of Removal filed on December 11, 2019, removal was undertaken pursuant to 28 U.S.C. § 1452(a), FRBP 9027(a) and LBR 9027-1.  In addition, the Notice of Removal reflects that the Complaint alleges causes of action that are a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E).

---

[3] Once an action is removed to the district court, it is automatically referred to the bankruptcy court pursuant to the standing orders promulgated under 28 U.S.C. § 157(a). Frye v. Excelsior Coll. (*In re Frye*), 2009 Bankr. LEXIS 4556, at *27 (9th Cir. B.A.P. Apr. 7, 2009); Eyecare v. S. Cal. Urrea (*In re Eyecare of S. Cal.*), 258 B.R. 765, 768 (Bankr. C.D. Cal. 2001) ("By general order the Central District of California has referred to the bankruptcy judges all matters within the scope of section 157(a). Where such an order is in effect, removal is made directly to the bankruptcy court."), police or regulatory power, § 1452(a) and Rule 9027 authorize removal of the State Court Action to this court. *See*, 28 U.S.C. § 1452(a); Fed. R. Bankr. P. 9027(a).

2058718

The Trustee asserts there are grounds for removal of the State Court Action to the Bankruptcy Court in that (a) the claims asserted in the Complaint are property of the Estate, and (b) only the Bankruptcy Court can make any determination regarding misleading and incomplete allegations in the Complaint concerning the conduct of the Trustee. 28 U.S.C. § 1452(a) permits removal of "any claim or cause of action in a civil action…to the district court for the district where such civil action is pending, if [the] district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. §1452(a). Under 28 U.S.C. § 1334(b), district courts have original (but not exclusive) jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* § 1334(b).3

Pursuant to 28 U.S.C. § 157(b), this Court has jurisdiction over "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section." This Court has core jurisdiction over the State Court Action by virtue of 28 U.S.C. §§ 157(b)(2)(A), (E) because the State Court Action appears to relate to property of the Estate and conduct of the Trustee alleged to have occurred in connection with Estate property during the course of this case, and resolution of the removed State Court Action in the Bankruptcy Court therefore is necessary and will avoid inconsistent rulings affecting administration of the Estate.

Civil actions that are "related to" a case under title 11 may also be removed from the state court to federal district court by one of the parties to the litigation pursuant to § 1452(a). *Maitland v. Mitchell (In re Harris Pine Mills),* 44 F.3d 1431, 1435 (9th Cir. 1995). Should the Court find that it does not have core jurisdiction over the State Court Action, the Court has jurisdiction to hear the State Court Action under 28 U.S.C. § 157(c)(1).

This Court has original jurisdiction over the State Court Action because of the claims asserted therein and the Bankruptcy Case is not a civil proceeding in the U.S. Tax Court or a civil action to enforce a governmental unit's policy or regulatory power, § 1452(a) and Rule 9027 authorize removal of the State Court Action to this court. *See,* 28 U.S.C. § 1452(a); Fed.R.Bankr.Proc. 9027(a).

Pursuant to 28 U.S.C. § 157(b), this Court has jurisdiction over "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under

subsection (a) of this section." This Court has core jurisdiction over the Complaint by virtue of 28 U.S.C. §157(b)(2)(A), (E) because the Complaint relates to property of the Estate and conduct which is alleged to have occurred in connection with Estate property, specifically property that was the subject of the settlement agreement between the Trustee and the Debtor and non-debtors, who are the Plaintiffs in the removed State Court Action. The Complaint related to property that was the subject of the Trustee's Motion for Compromise with the Plaintiffs in the removed Complaint, which Motion was approved by this Court's order. See Dkt. 91. Thus, the claims made in the Complaint could certainly bear on multiple aspects of the Debtor's Estate.

Resolution of the Complaint in the Bankruptcy Court is necessary and will avoid potentially inconsistent rulings affecting administration of the Estate if the Complaint were to proceed in the Superior Court. The conduct alleged in the Complaint, as concerning the Trustee and the property which was the subject of the Compromise Motion and Compromise Order may represent claims that are property of the Debtor's estate. The Complaint thus invokes this Court's **core** jurisdiction.

The basis for removal here was that the State Court Action involves claims that are core proceedings under 28 U.S.C. § 157(b)(2)(A) and (E). When the Court's core jurisdiction is invoked under 28 U.S.C. §157(b)(2)(A), (E), the Court need not consider section 1452(b) and the "equitable" factors for remand do not weigh in favor of the state court adjudicating claims that may well be property of this Estate or allege conduct of the Trustee.

Plaintiff's Motion argues the Trustee's lack of standing to remove the State Court Action because he is not a party to it. However, as was set forth clearly in the Notice of Removal and repeated here in the within Opposition, the Trustee's standing is on the basis that the claims asserted in the State Court Action are property of the bankruptcy Estate and thus should be before the Bankruptcy Court.

Even if the Court should find that the Complaint does not present core questions, it nevertheless has jurisdiction to hear the complaint under 28 U.S.C. § 157(c)(1). Civil actions that are "related to" a case under title 11 may also be removed from the state court to federal district

2058718

court by one of the parties to the litigation pursuant to § 1452(a).[4] *Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1435 (9th Cir. 1995). *See also* 28 U.S.C. § 1334(b).

### III.  REMOVAL WAS PROPER

#### A.  Introduction

The jurisdiction of the bankruptcy court involves a distinction between core and non-core bankruptcy matters. Core matters are those "arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). The term "arising under" describes those proceedings involving a cause of action created or determined by a statutory provision of title 11, whereas, "arising in" refers to administrative matters that are not based on any right expressly created by Title 11 but which would nevertheless have no existence outside of the bankruptcy case. *In re Eastport Associates*, 935 F.2d 1071, 1076 (9th Cir. 1991)(citing *In re Wood*, 825 F.2d 90, 96-97 (5th Cir. 1987)).

The basis for removal here was that the State Court Action involves claims that are core proceedings under 28 U.S.C. § 157(b)(2)(A) and (E). In addition, the Notice of Removal stated that the complaint asserted claims that were property of the estate and that it sought to determine rights that are related to the Debtor's rights. 28 U.S.C. § 157(b)(2)[5] provides in pertinent part:

> "Core proceedings include, but are not limited to –
>
> (A) matters concerning the administration of the estate;
>
> \*\*\*
>
> (E) proceedings to determine, avoid or recover fraudulent
>
> conveyances;

The claims that were raised by Plaintiff in the Complaint described above at the very least "arise in" Title 11. As stated previously, "[c]ore proceedings include…matters concerning that administration of the estate…[and] other proceedings affecting the liquidation of the assets of the estate." *In re Harris Pine Mills*, 44 F.3d 1431, 1437 (9th Circ. 1995). In *Harris Pine Mills*, the court

---

[4] While the Trustee here filed the Notice of Removal, it should be noted that the Trustee is not a party to the Complaint.

[5] While Section 157(b)(2) contains a list of matters that fall within the core jurisdiction of the court, the list is a non-exhaustive one. *In re ACI-HDT Supply Company*, 205 B.R. 231, 235 (BAP, 9th Cir. 1997).

2058718

held that "federal jurisdiction existed over Plaintiffs' action as a core proceeding because Plaintiffs had sued Defendants for conduct undertaken in their capacity as HPM's trustee in bankruptcy, or as agents of JMI as the bankruptcy trustee, and the actions involved the sale of assets that were the property of HPM's bankruptcy estate." *Id*.

Further, "while the interest of a debtor in property is determined by state law, the question whether such property is property of the debtor's estate is a federal question to be resolved under the Bankruptcy Code. 4 Collier on Bankruptcy, para. 541.02 (15th Ed. 1979)…Rule 701 of the Federal Rules of Bankruptcy Procedure. *In re State of Missouri, 7 B.R. 974 (E.D. Arkansas 1980),* which held:

> In seems clear, at the very least, that the bankruptcy court has jurisdiction to resolve the competing claims to the property in question by scrutinizing the respective legal interest and deciding whether the debtor's interest is such that it is property of the estate within the meaning of the Bankruptcy Code.

*Id.*

In addition to the foregoing, the facts underlying the Complaint "relate to" the bankruptcy of the Debtor. Under the "related to" formulation, "a civil proceeding would be 'related to a bankruptcy if its outcome could conceivably have any effect on the bankruptcy estate. The proceeding need not be against the debtor or the debtor's property. It is sufficient if the 'outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.'" *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). Accordingly, under this "related to" analysis, the Court should deny the Motion to remand the Complaint back to Superior Court.

**B.    The Causes of Action Asserted in the Complaint Arose Pre-Petition and are Property of the Estate**.

Plaintiffs argue in their Supplement that while the three causes of action in the Complaint allege "mistake" and acts that occurred pre-petition, the harm or "injury" did not occur until post petition and as such the claims are not property of the estate. Supplement at p. 2 ll:19-20, p. 3. ll:1-2. The Plaintiffs make this argument devoid of citations or authority to support their argument.

Applicable authority in fact sustains the Trustee's position that claims asserted in the removed complaint are property of the debtor because they are rooted in pre-petition events. In *Segal v. Rochelle,* 382 U.S. 375 (1966) the Court held that a cause of action accruing after the commencement of the bankruptcy may be property of the estate if it is "sufficiently rooted in the pre-bankruptcy past." *Id.* at 380. And when the alleged negligent legal representation at bench occurred before the petition was filed, the malpractice claim is indeed "rooted in the pre-bankruptcy past." Citing *Segal,* several courts have found a cause of action to be estate property when it was rooted in the pre-bankruptcy past. See, e.g., *Field v. Transcontinental Ins. Co.,* 219 B.R.115, 119 & n. 7 (E.D.Va.1998); *In re Richards,* 24B.R. 859, 861 (Bankr.E.D.Mich.2000). At least one court has reached this result expressly with regard to a debtor's legal malpractice claim. See, e.g.*, In re Tomaiolo,* 205 B.R. 10, 14-15 (Bankr.D.Mass.1997). Still other courts agree that under *Segal* a claim is property of the estate, regardless of when it accrues, if the claim is adequately linked to "the pre-bankruptcy past." See, e.g., *Charts v. Nationwide Mut. Ins. Co.,* 30B.R. 552, 557-58 (D.Conn.2003); *Edwards v. Wyatt,* 266 B.R. 64, 69-70 (E.D.Pa.2001); *Casey v. Grasso (*In re Riccitelli*),* Nos. 02-10032, 04-1300, 2005 WL 388553, at *4-5 (Bankr. D.Mass. Feb. 7, 2005); *In re Durrett,* 187 B.R. 413, 417 (Bankr.D.N.H.1995).

Accordingly, the claims asserted by Plaintiffs in the Complaint are property of the estate and should remain here to be adjudicated before the bankruptcy court. Nothing in the Supplement supports remand.

C. **Service of Removal and Notice of Status Conference on Kravitz and Kravitz Counsel was Proper**

Plaintiffs' wrongly argue that the removal was defective because the Notice of Removal and the Notice of Order setting the Status Conference were not served on defendant Kravitz or Kravitz' counsel, Supplement at page 3, lines 7 - 11. Plaintiffs are mistaken. At the time when the Trustee's Notice of Removal [Dkt. 1] and the Notice of Order setting the Status Conference [Dkt. 4] were filed and served defendant Kravitz had not yet appeared in the Superior Court Action.

The Local Bankruptcy Rules ("LBR") only require service of those who have appeared and are of record. LBR 9027-1(a) requires service of the notice of removal only that it be "…

9

2058718

simultaneously served on all other parties to the removed action, on any trustee appointed in the bankruptcy case, and on the United States trustee."

At the time when the Notice of Removal and the Notice of Order setting the Status Conference were served, the defendant and its counsel had not appeared in the Superior Court action. This can be seen from the Report the Trustee has filed with the Superior Court pleadings in this Court. [Dkt. 5]. Further, the issue of 'improper' service of these two pleadings is now moot because defendant Kravitz was served with the Motion [Dkt. 7] as well as the Stipulation to Continue the Status Conference and the hearing on the Motion [Dkt. 13]. Kravitz has had notice of all these proceedings, including the upcoming hearing.

### IV. CONCLUSION

Based on the foregoing, the Court should deny the Plaintiffs' Motion and Supplement on all grounds and the Complaint should remain here and not be remanded to Superior Court.

DATED: March 20, 2019                                  BRUTZKUS GUBNER


                                                       By: /s/ Talin Keshishian
                                                           Talin Keshishian
                                                           Attorneys for David Seror, Chapter 7 Trustee

2058718

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**

A true and correct copy of the foregoing document entitled: **Trustee's Opposition To Motion (1) Objecting To Removal And (2) To Remand Adversary Proceeding To State Court Pursuant To 28 U.S.C. § 1452** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 20, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Richard Burstein    rburstein@bg.law, ecf@bg.law
- Jeffrey Huron    jhuron@dykema.com, ebailon@dykema.com;catherall@dykema.com; jcedano@dykema.com;DocketLA@dykema.com
- Gregory K Jones    GJones@dykema.com, CAcossano@dykema.com;DocketLA@dykema.com
- Talin Keshishian    tkeshishian@bg.law, ecf@bg.law
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Reed S Waddell    rwaddell@frandzel.com, sking@frandzel.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **March 20, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Honorable Maureen A. Tighe
21041 Burbank Blvd., Suite 324
Woodland Hills, CA  91367

Kravitz, Inc.,
a California corporation
16030 Ventura Boulevard, #200
Encino, CA 91436

~~Kravitz, LLC~~           RTS
~~Limited Liability Company~~
~~200 Dryden Road~~
~~Dresher, PA 19025~~

Louis Kravitz & Associates, Inc.
a California corporation
16030 Ventura Boulevard, #200
Encino, CA 91436

KI, LLC
Limited Liability Company
16030 Ventura Boulevard, #200
Encino, CA 91436

ASCENSUS, INC.
A Delaware corporation
1500 11th Street #390
Sacramento, CA 95814

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 20, 2019 | JENNIFER WARNER | /s/ Jennifer Warner |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

2058718