1    Ronald E. Norman  (State Bar No.  104752)
2    Farnell & Norman
     2020 Main Street, Ste. 770
3    Irvine, Ca 92614-8221
4    Tel:  (949) 346-1230
     rnorman@farnell&norman.com
5
6    Attorneys for AKHOIAN ENTERPRISES, INC.,
     JOHN AKHOIAN AND TAMAR AKHOIAN
7

8              **UNITED STATE BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10             **SAN FERNANDO VALLEY DIVISION**

11

12                                                )    Case No.  1:17-bk-10017-MT
                                                  )
13                                                )    Chapter 7
     IN RE                                        )
14   AKHOIAN ENTERPRISES, INC.,                   )
                                                  )    Adv. No. 1:18-ap-01127-MT
15                                                )    (Dismissed)
                     Debtor.                      )
16                                                )    **JOHN AKHOIAN and TAMAR**
                                                  )    **AKHOIAN'S MOTION FOR AN**
17   _____             )    **EXTENSION OF TIME WITHIN**
                                                  )    **WHICH TO FILE A NOTICE OF**
18   AKHOIAN ENTERPRISES, INC., JOHN              )    **APPEAL OF THE COURT'S**
     AKHOIAN and TAMAR AKHOIAN,                   )    **ORDER      DISMISSING**
19                                                )    **PLAINTIFFS' ADVERSARY**
                     Plaintiff                    )    **ACTION WITH PREJUDICE ON**
20                                                )    **THE MERITS ON ALL CAUSES OF**
             vs.                                  )    **ACTION AS TO ALL PARTIES;**
21                                                )    **MEMORANDUM OF POINTS AND**
     FIRST CITIZENS BANK & TRUST                  )    **AUTHORITIES; DECLARATIONS**
22   COMPANY, a North Carolina corporation;       )    **OF RONALD E. NORMAN AND**
     KI, LLC, a California limited company;       )    **PAMELA GAYOSSO; ORDER**
23   KRAVITZ, LLC, a Delaware limited liability   )    **(PROPOSED); NOTICE OF**
     company; LOUIS KRAVITZ &                     )    **APPEAL**
24   ASSOCIATES, INC., a California               )
     corporation; KRAVITZ, INC., a California     )
25   corporation; ASCENSUS, INC., a Delaware      )    Date:  September 11, 2019
     corporation; and DOES 1 through 20,          )    Time:  1 p.m.
26   inclusive,                                   )    Ctrm:  Courtroom 302
                                                  )           U.S. Bankruptcy Court
27                   Defendants                   )           20141 Burbank Blvd.
                                                  )           Burbank, CA
28                                          1          THE HON. MAUREEN A. TIGHE
     _____
     JOHN AND TAMAR AKOIAN'S JOINT MOTION FOR AN EXTENSION OF TIME  TO THEIR FILE NOTICE
     OF APPEAL RE COURT'S PRIOR ORDER DISMISSING PLAINTIFFS' ADVERSARY ACTION ON ALL CAUSES
                               OF ACTION AS TO ALL DEFENDANTS

1  **TO THE HONORABLE MAUREEN A. TIGHE, JUDGE OF THE UNITED STATES**

2  **BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE AND TO**

3  **ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:** Please take notice that

4  prior adversary Plaintiffs JOHN AKOIAN and TAMAR AKOIAN ("Plaintiffs") jointly file the

5  the instant motion ("Motion") requesting an extension of time within which they can file a Notice

6  of Appeal of this court's prior Order dismissing their prior Adversary Complaint, on the merits, as to

7  all causes of action with respect to all defendants, entered into the record by this court on July 5,

8  2019 (Dkt.No. 43)

9      Plaintiffs joint motion is based upon this Notice of Motion and Motion pursuant to Federal

10  Rules of Bankruptcy Procedure ("FRBP") 8002, the Memorandum of Points and Authorities, the

11  Declarations of Pamela Gayosso and Ronald E. Norman, oral argument at the hearing on said

12  motion  and upon such other and further evidence, documentation, testimony or argument as the

13  Court deems appropriate.

14      **PLEASE TAKE FURTHER NOTICE** that on the above stated  date and time and in the

15  indicated courtroom, Plaintiffs  in the above- captioned matter will move this court for an Order

16  granting the relief sought as set forth in this Notice of Motion  and Motion and accompanying

17  supporting documents served and filed herewith.

18      **DEADLINE FOR OPPOSITION PAPERS:** This Motion is being heard on regular notice

19  pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with

20  the court and serve a copy of it upon the Movant or Movant's Attorney, if any, at the address set

21  forth above,  no less than fourteen (14) days prior to the above hearing date. If you fail to file a

22  written response to this Motion within such time period, the court may treat such failure as a waiver

23  of your right to oppose this Motion and may grant the requested relief.

24      Executed this 8th  day of August 8, 2019, at Irvine, California.

25      By: _____

26          GORDON C. STRANGE
           FARNELL & NORMAN

27      ATTORNEYS FOR PLAINTIFFS JOHN & TAMAR AKHOIAN

28  _____
JOHN AND TAMAR AKOIAN'S JOINT MOTION FOR AN EXTENSION OF TIME  TO THEIR FILE NOTICE
OF APPEAL RE COURT'S PRIOR ORDER DISMISSING PLAINTIFFS' ADVERSARY ACTION ON ALL CAUSES
OF ACTION AS TO ALL DEFENDANTS

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### 1. FACTUAL BACKGROUND

3

**A. Establishment of 401(k) Account, Transfer to First-Citizens Bank, The State Court**

4

**Complaint.** On **November 16, 2018**, Akhoian Enterprises, Inc. ("Akhoian"), John Akhoian ("J.

5

Akhoian") and Tamar Akhoian ("T. Akhoian") (collectively, the "Plaintiffs"), commenced a case

6

(the "State Court Case") against First-Citizens Bank & Trust Company (the "Bank" or "First

7

Citizens Bank"); KI, LLC; Kravitz, LLC; Louis Kravitz & Associates, Inc., Kravitz, Inc., and

8

Ascensus, Inc. (collectively, "Kravitz") by filing a "Complaint for: (1) Negligence- First Citizens

9

Bank; (2) Negligence - Kravitz; (3) Conversion- First Citizens Bank (the "State Court Complaint").

10

The State Court Complaint is Exhibit "1"   to the Chapter 7 Trustee's Report of State Court

11

Proceedings in Action Removed from the Los Angeles County Superior Court (Adv. Proc. Docket

12

No. 5) which this court is requested to take judicial notice of as a document previously filed with

13

this court that is part of the history of the case.

14

In the State Court Case, the Plaintiffs alleged that they had retained Kravitz **since 2000,** to

15

assist with the administration and maintenance of  the Akhoians' retirement accounts (State Court

16

Complaint, para. 15.)

17

In approximately **2011**, Kravitz opened up a Wells Fargo 401 (k) account that held self-

18

directed retirement funds of J. Akhoian and T. Akhoian. The funds in the 401 (k) account were

19

subject to anti-alienation provisions, *Id.* para. 16, and the account name was later changed to the

20

"Akhoian Enterprises, Inc. 401k Profit Sharing Trust, Kravitz, Attention Trust Dept." (the WF

21

401(k) Account). *Id.* para. 17.

22

In **2013**, with the assistance of Kravitz and the Bank, the Plaintiffs transferred the 401(k)

23

Account to First Citizens Bank. At the time of the transfer, the amount in the retirement account was

24

$324,820.71. The new account was entitled "Akhoian Ent dba Mr. Rooter Plumbing Service J&T

25

401K Account" (the "First Citizens Account") . *Id.* paras. 18-19. *First Citizens   Bank however,*

26

*mistakenly set up the account as a regular checking account in the name of the debtor Akoian*

27

*Enterprises Inc., instead of as a   401(k) retirement account solely in the names of John and*

28

3

1  *Tamar Akhoian.  Neither First Citizens Bank nor Kravitz  recognized the error. (Id. para 19).*

2  **B.  <u>The Akhoian Enterprises Inc. Bankruptcy Filing.</u>**

3  On **January 4, 2017** Akhoian commenced the instant chapter 7 case in the United States

4  Bankruptcy Court for the Central District of California, San Fernando Valley Division, which was

5  assigned case number 1:17-bk-10017-MT (the "Bankruptcy Case") David Seror (the "Trustee") was

6  appointed trustee for the Akhoian bankruptcy estate (the "Estate.") *Id.* paras. 20-21.

7  In or about **March, 2017,** the Trustee David Seror became aware of the existence of the First

8  Citizens Account and upon investigation, concluded that the funds contained therein were property

9  of the Akhoian's Estate since the account was a checking account in the name of the debtor and

10  demanded that First Citizens Bank turn over the funds in the 401(k) account to him.

11  On **October 26, 2017**, First Citizens Bank, via its legal counsel Reed S. Waddell, turned

12  over the 401 (k) account funds in the sum of $409,821.71 (referred to herein for  Over the Plaintiff's

13  objections, First Citizen's Bank turned over all of the funds in the First Citizens Account to the

14  Trustee. The amount in the account totaled over $409,000. *Id.* para. 22. (for convenience of

15  reference herein the amount of funds in the 401(k) account is referred to simply at $409,000)

16  **C.  <u>The Settlement Agreement re Disposition of the 401(k) Funds of $409,000</u>**

17  **<u>Approximately.</u>**  On **October 11, 2018**, the Chapter 7 bankruptcy trustee David Seror on the one

18  hand and  John and Tamar Akhoian on the other hand, executed a Settlement Agreement, wherein

19  the Trustee retained $185,000 (45%) of the funds from the seized 401(k) account totaling $409,000

20  and disbursed the remainder ($224,000 or 55%) back to J. Akhoian's counsel Alan Nahmias. (Adv.

21  Doc. 74 entered 10/11/18). The Settlement Agreement provided for mutual releases between the

22  Trustee, the Debtor's Estate, the Trustee's attorneys and other professionals on the one hand (the

23  "Trustee Group")  and John and Tamar Akhoian on the other hand, with regard to a release of

24  liability of "…all actual or potential claims, demands, obligations, losses, causes of action,

25  damages, penalties, costs, expenses, attorney's fees, liabilities, and indemnities… arising from or

26  relating to the previously seized $409,000 in funds (i.e. the "Property"). NO RELEASES ARE

27  PROVIDED FOR IN THE SETTLEMENT AGREEMENT, PERTAINING TO THE BANK,

28

1    KRAVITZ OR ASCENSUS, INC. John  Akhoian and Tamar Akhoian also waived their rights to

2    obtain allowed claims on any basis in the Bankruptcy Case, agreed to not file any claim in the

3    Bankruptcy Case and stipulated that any claims previously filed by John Akhoian and/or Tamar

4    Akhoian in the Bankruptcy case are waived and disallowed. *There is no  language in the*

5    *Settlement Agreement  that restricts or eliminates the ability of John and/or Tamar Akhoian to*

6    *pursue their own personal non-debtor, non- bankruptcy  third party claims in any other court in*

7    *the future.*

8          **D. State Court Cases**

9          On **November 7, 2018**, First  Citizens filed its "Verified Complaint for Breach of Guaranty"

10    in the Los Angeles County Superior Court, seeking damages on account of the guarantees allegedly

11    executed by the named defendants, which include Oganes J. Akhoian and Tamar K. Akhoian,

12    individually and as Trustee of the Akhoian Family Trust Dated July 10, 2000. (the "Guaranty

13    Complaint"). The Guaranty Complaint is currently pending in the Los Angeles County Superior

14    Court, Central District, case no. 18-ST-CV-03611.

15          As stated above, on **November 16, 2018**, the Plaintiffs filed the State Court Complaint.

16          On **December 11, 2018,** the Trustee filed a Notice of Removal of the State Court Complaint

17    to the Bankruptcy Court (Doc. 103).

18          On **May 15, 2019**, the Court held a Status Conference hearing wherein the Trustee David

19    Seror via his legal counsel Brutzkus, Gunner, Attorneys at Law, Richard Burstein and/or Talin

20    Keshishian, counsel, requested permission from the Court to dismiss the Plaintiffs' Adversary

21    Complaint Adv# 1:18-01127 (the "Complaint") with prejudice. **Nothing was stated regarding**

22    **having the dismissal be ON THE MERITS with prejudice, thus triggering the protections of**

23    **the defense of "res judicata" if any subsequent action was brought or continued on in any**

24    **state court proceeding prosecuted by the Plaintiffs against the Bank and / or KI, LLC,**

25    **KRAVITZ, LLC, LOUIS KRAVITZ & ASSOCIATES, INC., KRAVITZ, INC., (collectively**

26    **referred to herein as "KRAVITZ") and/or ASCENSUS, INC..**

27    ///

28

JOHN AND TAMAR AKOIAN'S JOINT MOTION FOR AN EXTENSION OF TIME  TO THEIR FILE NOTICE
OF APPEAL RE COURT'S PRIOR ORDER DISMISSING PLAINTIFFS' ADVERSARY ACTION ON ALL CAUSES
OF ACTION AS TO ALL DEFENDANTS

1      On **May 16, 2019,** *the very next day after the Status Conference was held on May 15, 2019,*

2    Trustee David Seror, through his legal counsel David Brustein, filed his "Notice of Dismissal of

3    Adversary Proceeding in its Entirety with Prejudice" (Dkt. No. 29). Trustee Seror also filed a

4    "Notice of Lodgment of Order re Dismissal of Adversary Proceeding, with Prejudice (Dkt. No. 30).

5    Plaintiffs are informed and believe that the initial Order re Dismissal had no language in it stating

6    that the Adversary Complaint was dismissed with prejudice ON THE MERITS AS TO ALL

7    CAUSES OF ACTION, but that this language was added in almost immediately after May 16,

8    2019, by the request of the Bank's counsel, Mr. Waddell, which request was immediately granted

9    and adopted by the Trustee and subsequently by  this court. Thus the final language of  the Court's

10   Order dismissing the Debtor and the Plaintiffs' adversary complaint DID contain the Bank's

11   requested language that the the dismissal be made ON THE MERITS AS TO ALL CAUSES OF

12   ACTION, thus triggering the defense of res judicata, *even though none of the causes of action in*

13   *the adversary complaint   had been litigated to a final verdict in the adversary action.* **The**

14   **Plaintiffs' causes of action in their adversary complaint, against third party defendants**

15   **KRAVITZ and ASCENSUS, were NON-CORE proceedings that were NOT ancillary to this**

16   **bankruptcy, which   the Plaintiffs had never   granted consent to this court to adjudicate,**

17   **therefore,** *this court had  no jurisdiction to dismiss the Plaintiff's causes of action in their*

18   *adversary complaint with prejudice on the merits,   without the Plaintiffs' consent or specific*

19   *direction from the Federal District Court.*

20      On **May 24, 2019,** The Court entered its Order dismissing the Adversary Complaint with

21   prejudice, on the merits, as to all causes of action against all parties, even though the Plaintiffs

22   deadline to file their objections, was yet to come on June 12, 2019, 19 days in the future.

23   Furthermore, the hearing on Plaintiffs objections to the court's Order re dismissal, was still 33 days

24   in the future June 26, 2019.

25   ///

26   ///

27   ///

28

JOHN AND TAMAR AKOIAN'S JOINT MOTION FOR AN EXTENSION OF TIME  TO THEIR FILE NOTICE
OF APPEAL RE COURT'S PRIOR ORDER DISMISSING PLAINTIFFS' ADVERSARY ACTION ON ALL CAUSES
OF ACTION AS TO ALL DEFENDANTS

1    On **June 12, 2019** Plaintiffs, in compliance with the court's prior orders at the Status

2   Conference on May 15, 2019,  filed their Objection Brief  with the Court with respect to the court's

3   entry of its Order Dismissing Adversary Proceeding with Prejudice on May 24, 2019.

4    On **June 26, 2019,** the court held a hearing on the Plaintiffs objections to the dismissal of

5   the Plaintiffs' non-core causes of action against the Bank and  third party defendants KRAVITZ and

6   ASCENSUS, based on lack of jurisdiction and violation of the Plaintiffs' constitutional rights to due

7   process. The court DENIED the Plaintiffs objections to the court's order re dismissal of the

8   adversary action,   as to lack of jurisdiction and violation of the Plaintiffs constitutional rights of

9   being deprived of their property  without due process of law (i.e. no hearing).

10    On **July 5, 2019**, the court entered its Order denying  Plaintiffs' objections (Dkt. No.43).

11    As stated in the Declaration of Ronald E. Norman,   filed concurrently herewith and in

12   support of this motion, it is the protocol of Mr. Norman's firm for Mr. Norman to review incoming

13   mail and mark "calendar"  on any given document that requires a future action to occur in the

14   office. Ms. Gayosso will then pick up the documents and files  from the law firm office, take them

15   home usually, calendar any required action items, hearings, appearances etc. and file the documents

16   in their appropriate files.

17    On or about **July 10, 2019** the  law office received a copy of the Court's Order and Mr.

18   Norman recalls that he marked "calendar" on it. Ms. Gayosso then took the Order to her home and

19   inadvertently failed take note of Mr. Norman's notation to calendar and  simply filed the document

20   in the case file. Consequently, the deadline to file a Notice of Appeal on or before July 19, 2019, 14

21   days after entry of the Order, was inadvertently not entered  into the firm's calendar.

22    Mr. Norman's secretary, Pamela Gayosso, currently works in Mr. Norman's law office only

23   one day a week due a recent difficult series of events in July, 2019,   that has caused her to be

24   without qualified care for her disabled 2 year old son, who requires constant care. Ms. Gayosso

25   customarily takes a lot of work and documents home to be worked on at her house so she can also

26   provide care for her disabled child.

27   ///

28
JOHN AND TAMAR AKOIAN'S JOINT MOTION FOR AN EXTENSION OF TIME  TO THEIR FILE NOTICE
OF APPEAL RE COURT'S PRIOR ORDER DISMISSING PLAINTIFFS' ADVERSARY ACTION ON ALL CAUSES
OF ACTION AS TO ALL DEFENDANTS

1    Ms. Gayosso and Mr. Norman  state in their respective  Declarations attached hereto, filed
2  concurrently herewith and in support hereof, that Ms. Gayosso inadvertently   failed to enter the
3  deadline to file the Notice of Appeal onto the firm's computer calendar and simply filed the Order in
4  the appropriate file.

5    Mr. Norman  only realized his firm's oversight when he attended a  Status Conference on the
6  state court matter on July 29, 2018 and the Bank's counsel made an oral motion to dismiss the State
7  Court Action, due to the bankruptcy court's prior Order Dismissing   the Plaintiffs'Adversary
8  Proceeding With Prejudice and the subsequent denial of the Plaintiffs' objections to the entry of said
9  Order.

10    **July 19, 2019**: The deadline to file a Notice of Appeal of the court's prior order denying
11  Plaintiffs' Objections to the court's prior "Order Dismissing Adversary Proceeding With Prejudice"
12  previously entered into the record by the court on July 5, 2019, expires.

13    On **July 29, 2019**, Mr. Norman first became aware of the fact that his firm had failed to
14  calendar the deadline for the filing of a Notice of Appeal of the bankruptcy court's prior Order
15  denying Plaintiffs' objections to the court's prior Order Dismissing the (Plaintiffs') Adversary
16  Action With Prejudice, on the merits, as to all causes of action and all parties, when he attended a
17  recent Status Conference held in  the State Court Action, when counsel for the Bank made an oral
18  motion to dismiss the state court action based on the bankruptcy court's prior order dismissing
19  Plaintiffs' Adversary Complaint in the bankruptcy court, as set forth above. Mr. Norman then
20  promptly took action to research and arrange for the filing of  the instant Motion for additional time
21  to file a Notice of Appeal of the Court's Order denying the Plaintiffs' Objections  entered in the
22  record on July 5, 2019.

23    **August 8, 2019**: Plaintiffs file their instant  Motion for Extension of Time to File Notice of
24  Appeal based on excusable neglect of Ms. Gayosso and Mr. Norman, within the required time frame
25  for the filing of  this motion

26    **August 10, 2019, 12:00 a.m.**: Deadline to file Motion Requesting Extension of Time to File
27  Notice of Appeal, expires.

28

JOHN AND TAMAR AKOIAN'S JOINT MOTION FOR AN EXTENSION OF TIME  TO THEIR FILE NOTICE
OF APPEAL RE COURT'S PRIOR ORDER DISMISSING PLAINTIFFS' ADVERSARY ACTION ON ALL CAUSES
OF ACTION AS TO ALL DEFENDANTS

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Time For Filing Notice of Appeal.

FRBP Rule 8002. Time for Filing Notice of Appeal states in pertinent part as follows:

**Rule 8002. Time for Filing Notice of Appeal**
(a) In General.
    (1) Fourteen-Day Period. Except as provided in subdivisions (b) and (c), a **Notice of Appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.**
    (5) Entry Defined.
        (A) A judgment, order, or decree is entered for purposes of this Rule 8002(a):
            (i) when it is entered in the docket under Rule 5003(a)…
(d) Extending the Time to Appeal.
    (1) When the Time May be Extended. Except as provided in subdivision (d)(2), the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed:
        (A) within the time prescribed by this rule; or
        **(B) within 21 days after that time, if the party shows excusable neglect.**

    (3) Time Limits on an Extension. No extension of time may exceed 21 days after the time prescribed by this rule, or 14 days after the order granting the motion to extend time is entered, whichever is later.
(Added Apr. 25, 2014, eff. Dec. 1, 2014.) (emphasis in bold and underline added)

The court entered its Order denying Plaintiffs' objections on July 5, 2019 (Dkt. 43). Pursuant to FRBP 8002 above, any Notice of Appeal of the court's order denying the Plaintiffs' objections, would've had to have been filed within 14 days of the entry of the Order on July 5, 2019, on or before July 19, 2019. However, the deadline to file a Motion to Request and Extension of Time to File a Notice of Appeal of the court's Order entered July 5, 2019, is 21 days after July 19, 2019, on or before August 9, 2019. This Motion is filed on or before August 9, 2019 and is therefore timely.

### 2. Where Motion Filed Within 21 Days After Deadline if "excusable neglect" shown:

A discretionary extension may be obtained by motion filed within 21 days after the deadline provided "excusable neglect" is shown (FRBP 8002(d)(1)(B) ).

Factors Considered: To determine whether "excusable neglect" exists to warrant extending the appeal filing deadline after the deadline has expired, the court examines the following four

factors:

    1. the danger of prejudice to the non-moving party(ies);

    2. the length of delay and its potential impact on the judicial proceedings;

    3. the reason for the delay, including whether it was within the reasonable control of the moving party(ies); and

    4. whether the moving party(ies) acted in good faith.

    (*In re Rebel Rents, Inc.* (BC CD CA 2005, 326 BR 791,799; (enumerating factors set forth in *Pioneer Investment Services, Co. vs. Brunswick Associations Ltd. Partnership* (1993) 507 US 380, 385, 113 S. Ct. 1489) see also *In re Ateco Inc.* (BC CD CA 2015) 529 BR 298, 301.

    With regard to compliance with the four factors set forth above, Plaintiffs assert:

    1. 1. **There is no prejudice to the non-moving parties,** as the time delay is very small, only a matter of a few days, the overall bankruptcy case is not impacted and the disposition of the court's dismissal of the Debtor and the Plaintiffs' adversary complaint should be dealt with on the merits not by way of procedural default, if there is a way for the a hearing on the merits to proceed.

    2.1. The length of delay is short and the potential impact on the judicial proceedings is minimal.

    3.1 The reason for the delay was understandable, reasonable and conceivably not within the reasonable control of the Plaintiffs' attorney Mr. Norman and his secretary Pamela Gayosso. Typically, given that Ms. Gayosso cannot spend many days working at the office due to the medical care needs of her 2 year old disabled son, legal documents that are served at the office or arrive in the mail, are taken by Ms. Gayosso back to her home, where she enters any necessary calendar dates into the firm's computer calendar database and then files the hard copy documents into their appropriate file. Because of the constant pressures of balancing her job activities at home with her need to provide care for her young  disabled child, Ms. Gayosso, in this instance, inadvertently failed to recognize the need to calendar a due date for a notice of appeal and simply filed the Order in its appropriate file without calendaring the appeal date deadline as she would normally do. Mr. Norman's delay in noticing the mis-filing and failure to calendar the deadline to file the Notice of

1 | Appeal, is also understandable, given the constraints that he too is currently working under with his

2 | office being temporarily  short staffed and Ms. Gayosso doing a majority of her work at her home

3 | office.

4 |     4.1.   The Plaintiffs and their legal counsel and secretary have all acted in good faith and

5 | have simply committed a very understandable human error that is quite common in its occurrence.

6 |     The case of *Pincay vs. Andrews* (9th Cir. 2004) 389 F3d 853, 856, 860, is on point regarding

7 | an examination within the context of "excusable neglect,"  re the delegation of calendaring duties

8 | by an attorney to a paralegal, where the paralegal commits an error. In *Pincay*, A sophisticated law

9 | firm, with what it thought was a sophisticated system to determine and calendar filing deadlines,

10 | missed a critical deadline:  the 30-day time period in which to file a notice of appeal under Federal

11 | Rule of Appellate Procedure 4(a)(1)(A).    The rule, however, provides for a grace period of 30 days

12 | within which a lawyer in such a fix may ask the district court for an extension of time, and the

13 | court, in the exercise of its discretion, may grant the extension if it determines that the neglect of the

14 | attorney was "excusable." The paralegal mistakenly thought the time period for requesting an

15 | extension of time was 60 days  when the government is a party to the action , not the actual 30 days.

16 | The government however, was no longer a party to the action thus triggering the 30 day deadline

17 | not the 60 day deadline. The paralegal failed to recognize the distinction and the fact that the

18 | government was no longer a party to the case. The court stated as follows in its opinion:

19 | "The underlying dispute began in 1989 when Laffit Pincay, Jr. and Christopher McCarron (Pincay) sued Vincent S. Andrews, Robert L. Andrews, and Vincent

20 | Andrews Management Corp. (Andrews) for financial injuries stemming from alleged violations of the Racketeer Influenced and Corrupt Organizations Act

21 | (RICO) and California law.    In 1992, a jury returned verdicts in Pincay's favor

22 | on both the RICO and the California counts.    Pincay was ordered to elect a remedy, and he chose to pursue the RICO judgment.    This judgment was

23 | reversed on appeal on the ground that the RICO claim was barred by the federal

24 | statute of limitations.    Pincay v. Andrews, 238 F.3d 1106, 1110 (9th Cir.2001). On remand, Pincay elected to pursue the remedy on his California law claim.

25 | Judgment was entered in his favor on July 3, 2002.

26 | **Andrews's notice of appeal was due 30 days later, but a paralegal charged with calendaring filing deadlines misread the rule and advised**

27 | **Andrews's attorney that the notice was not due for 60 days, the time allowed**

28 |

**when the government is a party to the case....**  See Fed. R.App. P. 4(a)(1)(B). ... The district court, however, found the neglect excusable and granted the motion for an extension of time to file the notice of appeal.

Pincay appealed to this court...

A majority of the active non-recused judges of the court voted to rehear the case en banc to consider whether the creation of a per se rule against delegation to paralegals, or indeed any per se rule involving missed filing deadlines, is consistent with the United States Supreme Court's leading authority on the modern concept of excusable neglect, *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed. 2d 74 (1993).   **We now hold that per se rules are not consistent with Pioneer, and we uphold the exercise of the district court's discretion to permit the filing of the notice of appeal in this case.**

The Pioneer decision arose in the bankruptcy context and involved the "bar date" for the filing of claims.   The Court in Pioneer established a four-part balancing test for determining whether there had been "excusable neglect" within the meaning of Federal Rule of Bankruptcy Procedure 9006(b)(1).   The Court also reviewed various contexts in which the phrase appeared in the federal rules of procedure and made it clear the same test applies in all those contexts.   The Pioneer factors include:  (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.   507 U.S. at 395, 113 S.Ct. 1489.

In this case, the district court analyzed each of the Pioneer factors and correctly found: (1) there was no prejudice, (2) the length of delay was small, (3) the reason for the delay was carelessness, and (4) there was no evidence of bad faith.   **It then concluded that even though the reason for the delay was the carelessness of Andrews's counsel, that fact did not render the neglect inexcusable.   The district court relied on this court's decision in Marx v. Loral Corp., 87 F.3d 1049 (9th Cir.1996), in which we affirmed an order granting an extension of time in a case that involved an attorney's calendaring error...**

In the modern world of legal practice, the delegation of repetitive legal tasks to paralegals has become a necessary fixture.   Such delegation has become an integral part of the struggle to keep down the costs of legal representation.  Moreover, the delegation of such tasks to specialized, well-educated non-lawyers may well ensure greater accuracy in meeting deadlines than a practice of having

each lawyer in a large firm calculate each filing deadline anew.    The task of keeping track of necessary deadlines will involve some delegation.    The responsibility for the error falls on the attorney regardless of whether the error was made by an attorney or a paralegal.    See Model Rules of Prof'l Conduct R. 5.5 cmt. 2 (2002) ("This Rule does not prohibit a lawyer from employing the services of paraprofessionals and delegating functions to them, so long as the lawyer supervises the delegated work and retains responsibility for their work."). **We hold that delegation of the task of ascertaining the deadline was not per se inexcusable neglect..."**

The key passage in Pioneer, having a little something for everyone, is as follows:

Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, **it is clear that "excusable neglect" under [Bankruptcy] Rule 6(b) is a some-what "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.**

507 U.S. at 392, 113 S.Ct. 1489 (internal footnotes omitted). (emphasis added re bold typeface)

In the instant case, we are not dealing with a paralegal's incorrect interpretation of a federal rule, a much more  "active" example regarding the actions of the paralegal then portrayed in this case. Here, we are simply dealing with a "passive" inadvertent mistake where the legal  secretary failed  to note and calendar a deadline to file a Notice of Appeal for the court's Order and simply filed the document.  Even in the much more "active" example of inadvertent mistake set forth in *Pincay*, supra. the 9th Circuit Court of Appeals  utilized a three-dimensional, flexible interpretation of the four factors set forth in Pioneer, and clearly stated that the concept of "excusable neglect" CAN encompass  conduct that was within the control of the moving party.

**Conclusion**

For all of the above reasons, Plaintiffs respectfully request that this court grant this motion for a 21 day extension of time from the date of entry of the court's order granting this motion, within which the Plaintiffs may file their Notice of Appeal of the Court's prior Order denying Plaintiffs' objections to the Court's prior Order Dismissing the Debtor and the Plaintiffs' Adversary Complaint with prejudice, on the merits, as to all causes of action, as to all parties, entered into the

1   record by this court on July 5, 2019.

2       To expedite matters,   a true and correct copy of Plaintiffs's "Notice of Appeal" that they

3   propose to file with this court should this motion be granted, is attached hereto as **Exhibit "A"** and

4   incorporated herein by reference.

5

6   DATED:  August 8, 2019

7                                   GORDON C. STRANGE
8                                   FARNELL & NORMAN
                                    LEGAL COUNSEL FOR JOHN AND TAMAR AKOIAN
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        14
    JOHN AND TAMAR AKOIAN'S JOINT MOTION FOR AN EXTENSION OF TIME  TO THEIR FILE NOTICE
    OF APPEAL RE COURT'S PRIOR ORDER DISMISSING PLAINTIFFS' ADVERSARY ACTION ON ALL CAUSES
                            OF ACTION AS TO ALL DEFENDANTS

1  | Ronald E. Norman  (State Bar No.  104752)
2  | Farnell & Norman
   | 2020 Main Street, Ste. 770
3  | Irvine, Ca 92614-8221
4  | Tel:  (949) 346-1230
   | rnorman@farnell&norman.com
5  |
6  | Attorneys for AKHOIAN ENTERPRISES, INC.,
   | JOHN AKHOIAN AND TAMAR AKHOIAN
7  |

8

### UNITED STATE BANKRUPTCY COURT

9

### CENTRAL DISTRICT OF CALIFORNIA

10

### SAN FERNANDO VALLEY DIVISION

11

12

| | |
|---|---|
| IN RE )<br>AKHOIAN ENTERPRISES, INC., )<br> )<br> )<br> )<br>Debtor. )<br> )<br>────────────────────── )<br> )<br>AKHOIAN ENTERPRISES, INC., JOHN )<br>AKHOIAN and TAMAR AKHOIAN, )<br> )<br>Plaintiff )<br> )<br>vs. )<br> )<br>FIRST CITIZENS BANK & TRUST )<br>COMPANY, a North Carolina corporation; )<br>KI, LLC, a California limited company; )<br>KRAVITZ, LLC, a Delaware limited liability )<br>company; LOUIS KRAVITZ & )<br>ASSOCIATES, INC., a California )<br>corporation; KRAVITZ, INC., a California )<br>corporation; ASCENSUS, INC., a Delaware )<br>corporation; and DOES 1 through 20, )<br>inclusive, )<br> )<br>Defendants. )<br> )<br> ) | Case No.  1:17-bk-10017-MT<br>Chapter 7<br>Adv. No. 1:18-ap-01127-MT<br>(Dismissed)<br><br>**DECLARATION OF RONALD E.<br>NORMAN IN SUPPORT OF:**<br><br>**JOHN AKHOIAN and TAMAR<br>AKHOIAN'S MOTION FOR AN<br>EXTENSION OF TIME WITHIN<br>WHICH TO FILE A NOTICE OF<br>APPEAL OF THE COURT'S<br>ORDER        DISMISSING<br>PLAINTIFFS' ADVERSARY<br>ACTION WITH PREJUDICE ON<br>THE MERITS ON ALL CAUSES OF<br>ACTION AS TO ALL PARTIES;<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES; DECLARATIONS<br>OF RONALD E. NORMAN AND<br>PAMELA GAYOSSO; ORDER<br>(PROPOSED); NOTICE OF<br>APPEAL**<br><br>Date:<br>Time: 10:00 a.m.<br>Ctrm:  Courtroom 302<br>        U.S. Bankruptcy Court<br>        20141 Burbank Blvd.<br>        Burbank, CA<br><br>THE HON. MAUREEN A. TIGHE |

1

DECLARATION OF RONALD E. NORMAN IN SUPPORT OF  JOHN AND TAMAR AKOIAN'S JOINT MOTION
FOR AN EXTENSION OF TIME  TO THEIR FILE NOTICE OF APPEAL RE COURT'S PRIOR ORDER
DISMISSING PLAINTIFFS' ADVERSARY ACTION ON ALL CAUSES OF ACTION AS TO ALL DEFENDANTS

## DECLARATION OF RONALD E. NORMAN

I, RONALD E. NORMAN, declare that the following testimony is within my own personal knowledge, unless stated upon information and belief and as to those statements, I believe them to be true,  and that if called upon to testify, I could and would competently testify as set forth herein.

1. My name is RONALD E. NORMAN  and I am currently a licensed attorney authorized to practice law before all of the courts of the state of California and the Ninth Circuit of the Federal Courts.

2.  I am currently a name partner in the law firm of Farnell & Norman, the current legal counsel of record for the prior adversary  Plaintiffs JOHN AKOIAN and TAMAR AKOIAN in the instant adversary action.

3. Attorney Gordon C. Strange has also been assisting Farnell & Norman  in the handling  of the instant case.

4. My legal secretary, Pamela Gayosso, currently works in my  law office only one day a week, due a recent difficult series of events in July, 2019,   that has caused her to be without qualified care for her disabled 2 year old son, who requires constant care. Ms. Gayosso customarily takes a lot of work and documents home to be work on at her house so she can also provide care for her disabled child while working.

5. It is the normal protocol in my law firm, for me to review incoming mail and make notations to calendar certain events, briefs, hearings etc. If I feel it is necessary. After I review the incoming mail and make any notations re calendaring that are appropriate, my secretary,  Pamela Gayosso then takes the documents and files with her back to her home officer where she can work on them and still be able  to provide child care for her 2 year old disabled son while she works. Ms. Gayosso, then enters any requested calendaring matter into the firm's data base and files the documents into their respective case file.

//

//

2

1      6. On or about **July 10, 2019** my law office received a copy of the Court's Order Denying

2 Plaintiffs' Objections (Dkt. No. 43 entered July 5, 2019) to the Court's prior Order Dismissing

3 Plaintiffs' Adversary Action with Prejudice (Dkt. No. 36 entered May 24, 2019) and I recall writing

4 a "calendar" notation on the Order. However, unfortunately the deadline date to file a notice of

5 appeal on the Order Denying Objections (Dkt. 43) was not entered into the firm's calendar as it

6 normally would be, and the Order was simply and inadvertently filed in its appropriate file by my

7 secretary Pamela Gayosso. Consequently, the deadline to file a Notice of Appeal on or before July

8 19, 2019, 14 days after entry of the Order Denying Objections (Dkt. No. 43) was inadvertently not

9 entered into the firm's calendar.

10      7. On **July 29, 2019**, I attended a Status Conference in the State Court Action and first

11 became aware of my firm's failure to calendar a deadline to file a Notice of Appeal of the Court's

12 prior Order Denying Plaintiffs' Objections (Dkt. No. 43 entered July 5, 2019) to the Court's prior

13 filing of its Order Dismissing the Plaintiffs' Adversary Proceeding with Prejudice (Dkt. No. 30

14 entered May 24, 2019). My awareness was triggered when counsel for the Bank made an oral

15 motion to dismiss the State Court Action based on the bankruptcy court's prior order dismissing

16 Plaintiffs' Adversary Complaint in the bankruptcy court, as set forth above (Dkt. No. 30 entered

17 May 24, 2019).

18      8. Upon becoming aware of the expiration of 14 day time period within which to file a

19 Notice of Appeal on the Court's prior Order denying Plaintiffs' objections, entered on July 5, 2019,

20 which time period expired on July 19, 2019 10 days prior my becoming aware of the situation, I

21 promptly took action to research and arrange for the filing of the instant motion requesting an

22 additional 21 days after the granting of the motion, to file a Notice of Appeal of the Court's Order

23 denying the Plaintiffs' Objections, entered into the record on July 5, 2019.

24      9. At all times herein mentioned, the Plaintiffs, myself and my secretary, Pamela Gayosso,

25 have acted in good faith trying our best to deal with an inadvertent calendaring error that Plaintiffs

26 now seek appropriate and legitimate relief from this court for.

27 ///

28

<div align="center">3</div>

1      I declare under penalty of perjury under the laws of the state of California, that the foregoing

2   testimony is true and correct to the best of my own personal knowledge, and as to those matters

3   stated upon information and belief, I believe them to be true, and that if called upon as a witness I

4   could and would competently testify as set forth herein.

5      Executed this 8th day of August, 2019 in Cooperstown, New York.

6

7

8                          RONALD E. NORMAN, DECLARANT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                           4

1  Ronald E. Norman  (State Bar No.  104752)
2  Farnell & Norman
3  2020 Main Street, Ste. 770
   Irvine, Ca 92614-8221
4  Tel: (949) 346-1230
   rnorman@farnell&norman.com
5
6  Attorneys for AKHOIAN ENTERPRISES, INC.,
   JOHN AKHOIAN AND TAMAR AKHOIAN
7

8                    UNITED STATE BANKRUPTCY COURT
9
10                  CENTRAL DISTRICT OF CALIFORNIA
11                  SAN FERNANDO VALLEY DIVISION

12
13                                        )  Case No.  1:17-bk-10017-MT
                                          )  Chapter 7
14 IN RE                                  )  Adv. No. 1:18-ap-01127-MT
   AKHOIAN ENTERPRISES, INC.,             )  (Dismissed)
15                                        )
                                          )  DECLARATION OF PAMELA
16         Debtor.                        )  GAYOSSO IN SUPPORT OF:
                                          )  JOHN AKHOIAN and TAMAR
17 _____   )  AKHOIAN'S MOTION FOR AN
                                          )  EXTENSION OF TIME WITHIN
18 AKHOIAN ENTERPRISES, INC., JOHN        )  WHICH TO FILE A NOTICE OF
   AKHOIAN and TAMAR AKHOIAN,             )  APPEAL OF THE COURT'S
                                          )  O R D E R     D I S M I S S I N G
19         Plaintiff                      )  P L A I N T I F F S '  A D V E R S A R Y
                                          )  ACTION WITH PREJUDICE ON
20      vs.                               )  THE MERITS ON ALL CAUSES OF
                                          )  ACTION AS TO ALL PARTIES;
21 FIRST CITIZENS BANK & TRUST            )  MEMORANDUM OF POINTS AND
   COMPANY, a North Carolina corporation; )  AUTHORITIES; DECLARATIONS
22 KI, LLC, a California limited company; )  OF RONALD E. NORMAN AND
   KRAVITZ, LLC, a Delaware limited liability )  PAMELA GAYOSSO; ORDER
23 c o m p a n y ;   L O U I S   K R A V I T Z   &   )  ( P R O P O S E D ) ;   N O T I C E   O F
   A S S O C I A T E S ,   I N C . ,   a   C a l i f o r n i a   )  APPEAL
24 corporation; KRAVITZ, INC., a California )
   corporation; ASCENSUS, INC., a Delaware )  Date:
25 corporation; and DOES 1 through 20,    )  Time: 10:00 a.m.
   inclusive,                             )  Ctrm: Courtroom 302
26                                        )       U.S. Bankruptcy Court
                                          )       20141 Burbank Blvd.
27         Defendants                     )       Burbank, CA
                                          )
28                                           THE HON. MAUREEN A. TIGHE

                                         1
   DECLARATION OF PAMELA GAYOSSO IN SUPPORT OF JOHN AND TAMAR AKOIAN'S JOINT MOTION
   FOR AN EXTENSION OF TIME  TO THEIR FILE NOTICE OF APPEAL RE COURT'S PRIOR ORDER
   DISMISSING PLAINTIFFS' ADVERSARY ACTION ON ALL CAUSES OF ACTION AS TO ALL DEFENDANTS

1

**DECLARATION OF PAMELA GAYOSSO**

2      I, PAMELA GAYOSSO, declare that the following testimony is within my own personal

3  knowledge and that if called upon to testify, I could and would competently testify as set forth

4  herein.

5      1. My name is Pamela Gayosso and I am currently the legal secretary for Mr. Ronald E.

6  Norman at the law firm of Farnell & Norman in Irvine, California.

7      2. On  or about **July 10, 2019**, Mr. Norman's law office received a copy of the Court's Order

8  Dismissing Adversary Action with Prejudice in the instant action, but the date to file a Notice of

9  Appeal was not entered into the firm's calendar by me as it normally would be and the document /

10  Order was simply filed by me  in its appropriate file,  so the deadline to file a Notice of Appeal on

11  or before July 19, 2019, 14 days after entry of the Order, was not entered  into the firm's calendar.

12      3. I currently work in Mr. Norman's law office only one day a week due to a recent difficult

13  series of events in July, 2019, that has caused me to lose my previously existing child care

14  assistance for my 2 year old disabled son, who requires constant care. Since this recent unfortunate

15  series of events in July, 2019,  I now customarily take a lot of work and documents home to process

16  and work on at my home office so I can also provide care for my disabled son as well.

17      4.  Because of the constant pressures of balancing my  job activities at home with my  need

18  to provide care for my disabled son, I inadvertently  failed to recognize the need to calendar a due

19  date for the filing of a Notice of Appeal and simply filed the court's Order in its appropriate file

20  without calendaring the appeal date deadline as I  would normally do.

21      I declare under penalty of perjury, under the laws of the State of California, that the

22  foregoing testimony is true and correct and within my own personal knowledge and that if called

23  upon to testify as a witness, I could  and would testify as set forth herein.

24      Executed this 8th day of August, 2019 at _____ Temecula _____ , California

25

26      PAMELA GAYOSSO, DECLARANT

27

28

2

DECLARATION OF PAMELA  GAYOSSO IN SUPPORT OF JOHN AND TAMAR AKOIAN'S JOINT MOTION
FOR AN EXTENSION OF TIME  TO THEIR FILE NOTICE OF APPEAL RE COURT'S PRIOR ORDER
DISMISSING PLAINTIFFS' ADVERSARY ACTION ON ALL CAUSES OF ACTION AS TO ALL DEFENDANTS

1   Ronald E. Norman  (State Bar No.  104752)
2   Farnell & Norman
    2020 Main Street, Ste. 770
3   Irvine, Ca 92614-8221
4   Tel:  (949) 346-1230
    rnorman@farnell&norman.com
5

6   Attorneys for AKHOIAN ENTERPRISES, INC.,
    JOHN AKHOIAN AND TAMAR AKHOIAN
7

8               **UNITED STATE BANKRUPTCY COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**
10
               **SAN FERNANDO VALLEY DIVISION**
11

12

| | |
|---|---|
| IN RE<br>AKHOIAN ENTERPRISES, INC., | Case No.  1:17-bk-10017-MT |
| | Chapter 7 |
| Debtor. | Adv. No. 1:18-ap-01127-MT |
| | **ORDER (PROPOSED) GRANTING EXTENSION TIME FOR PLAINTIFFS TO FILE A NOTICE OF APPEAL OF THE COURT'S PRIOR ORDER DENYING PLAINTIFFS' OBJECTIONS TO THE COURT'S ENTRY OF ITS PRIOR ORDER DISMISSING PLAINTIFFS' ADVERSARY PROCEEDING WITH PREJUDICE ON THE MERITS AS TO ALL CAUSES OF ACTION AND ALL PARTIES.** |
| AKHOIAN ENTERPRISES, INC., JOHN AKHOIAN and TAMAR AKHOIAN,<br><br>Plaintiff<br><br>vs.<br><br>FIRST CITIZENS BANK & TRUST COMPANY, a North Carolina corporation; KI, LLC, a California limited company; KRAVITZ, LLC, a Delaware limited liability company; LOUIS KRAVITZ & ASSOCIATES, INC., a California corporation; KRAVITZ, INC., a California corporation; ASCENSUS, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants | Date:  September 11, 2019<br>Time:  1 p.m.<br>Ctrm:  Courtroom 302<br>      U.S. Bankruptcy Court<br>      20141 Burbank Blvd.<br>      Burbank, CA<br><br>THE HON. MAUREEN A. TIGHE |

1

28   ORDER (PROPOSED)  GRANTING PLAINTIFFS ADDITIONAL TIME TO FILE THEIR NOTICE OF APPEAL RE THE COURT'S PRIOR ORDER DENYING PLAINTIFFS' OBJECTIONS TO THE COURT'S ENTRY OF ITS ORDER DISMISSING  PLAINTIFFS' ADVERSARY COMPLAINT  WITH PREJUDICE ON THE MERITS AS TO ALL CAUSES OF ACTION AND AS TO ALL PARTIES

1       This matter initially came before the Court on September 11, 2019 at 1 p.m. at a hearing on

2   Plaintiffs' Motion for Extension of Time to File a Notice of Appeal in the above captioned adversary

3   proceeding.

4       The Court has reviewed and considered the entire record in this preceding, including but not

5   limited to the prior adversary Plaintiffs JOHN AKOIAN and TAMAR AKOIAN's Motion

6   Requesting an Extension of Time within which to file a Notice of Appeal, any Opposition thereto

7   and Reply briefs, any other relevant evidence or testimony presented, if any, and any oral argument.

8   Based on the entire record of this proceeding, including each of the items identified in the preceding

9   paragraph, and for the reasons set forth on the record and the Briefs  filed herein and oral argument

10  made, if any,  **IT IS ORDERED AS FOLLOWS:**

11      PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME **IS GRANTED** AND THE

12  PLAINTIFFS ARE GRANTED AN ADDITIONAL _____ (21) DAYS FROM THE COURT'S

13  ENTRY OF THIS ORDER INTO THE RECORD, TO FILE THEIR NOTICE OF APPEAL AS TO

14  THE COURT'S PRIOR ORDER DENYING PLAINTIFFS' OBJECTIONS  (DKT. #43 ENTERED

15  JULY 5, 2019)  TO THE COURT'S PRIOR ORDER DISMISSING PLAINTIFFS' ADVERSARY

16  PROCEEDING WITH PREJUDICE ON THE MERITS AS TO ALL CAUSES OF ACTION AND

17  ALL PARTIES (DKT. # 30 ENTERED MAY 24, 2019)

18

19      **IT IS SO ORDERED.**

20                  # # #

21

22

23

24

25

26

27                  2

28  ORDER (PROPOSED)  GRANTING PLAINTIFFS ADDITIONAL TIME TO FILE THEIR NOTICE OF APPEAL RE
THE COURT'S PRIOR ORDER DENYING PLAINTIFFS' OBJECTIONS TO THE COURT'S ENTRY OF ITS
ORDER DISMISSING  PLAINTIFFS' ADVERSARY COMPLAINT  WITH PREJUDICE ON THE MERITS AS TO
ALL CAUSES OF ACTION AND AS TO ALL PARTIES

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| RONALD E. NORMAN - BAR 104752<br>FARNELL & NORMAN<br>2020 MAIN STREET, STE. 770<br>IRVINE, CA 92614-8221<br>Telephone: 949-553-1300<br>Facsimile: 866-600-2067<br>Email: rnorman@fknlaw.com | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* ADV.PNTIFFS JOHN&TAMAR AKOIAN | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISIO▼

| In re:<br><br>AKHOIAN ENTERPRISES, INC. dba MR. ROOTER PLUMBING,<br><br><div align="right">Debtor(s).</div> | CASE NO.:1:17-bk-10017-MT<br><br>ADVERSARY NO.:1:18-ap-01127-MT<br>*(if applicable)*<br><br>CHAPTER: 7        ▼ |
|---|---|
| AKHOIAN ENTERPRISES, INC. dba MR. ROOTER PLUMBING; JOHN AKHOIAN, aka Oganes J. Akhoian, an individual; and TAMAR AKHOIAN, aka Tamar K. Akhoian, an individual<br><div align="right">Plaintiff(s) *(if applicable).*</div><div align="center">vs.</div>FIRST CITIZENS BANK & TRUST COMPANY, a North Carolina corporation; KI, LLC, a California limited liability company; KRAVITZ, LLC, a Delaware limited liability company, LOUIS KRAVITZ & ASSOCIATES, INC., et al.<br><div align="right">Defendant(s) *(if applicable).*</div> | **NOTICE OF APPEAL<br>AND STATEMENT OF ELECTION** |

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): <u>ADVERSARY PLAINTIFFS JOHN AKHOIAN AND TAMAR AKHOIAN</u>

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☒ Plaintiff
☐ Defendant
☐ Other (*describe*):

For appeals in a bankruptcy case and not in an adversary proceeding.

☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (*describe*):

## Part 2:  Identify the subject of this appeal

1.  Describe the judgment, order, or decree appealed from:
ORDER OVERRULING OBJECTIONS BY JOHN AND TAMAR AKHOIAN TO ORDER DISMISSING
ADVERSARY PROCEEDING WITH PREJUDICE (DOCKET # 43, ENTERED JULY 5, 2019)

2.  The date the judgment, order, or decree was entered:  07/05/2019

## Part 3:  Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone
numbers of their attorneys (*attach additional pages if necessary*):

1.  Party:  SEE ATTACHED LIST OF PARTIES AND THEIR ATTORNEYS.
    Attorney:

2.  Party:
    Attorney:

## Part 4:  Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal
unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If
an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not
check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy
    Appellate Panel.

## Part 5:  Sign below

_____    Date: 8/1/19
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in
§ 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P.
8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of
Appeal.]

John Akhoian Plaintiff
Tamar Akhoian Plaintiff
Akhoian Enterprises, Inc. Plaintiff


Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard St.,. Ste. 500
Woodland Hills, CA 91367
Tel (818) 827-9099
Email: rburstein@bg.law

Ronald Norman
Farnell & Norman PC
2020 Main Street Ste 770
Irvine, CA 92614

Frandzel Robins Bloom & Csato L.C.
1000 Wilshire Boulevard 19th Floor
Los Angeles, CA 90017-2427
Tel:  (323) 651-2577
Email: rwaddell@frandzel.com

Gerrick Warrington
Frandzel Robins Bloom & Csato, L.C.
1000 Wilshire Blvd., 19th For
Los Angeles, CA 90017
Tel:  (323) 658-9792
Email:  gwarrington@frandzel.com


KI, LLC, A California Corporation, Defendant
Kravitz, LLC, a Delaware limited liability company, Defendant
Louis Kravitz & Associates, Inc, a California Corporation, Defendant
Kravitz, Inc., a California Corporation, Defendant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2020 Main Street, Ste. 770, Irvine, CA 92614-8221

A true and correct copy of the foregoing document entitled (*specify*): will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:  JOHN AKHOIAN and TAMAR AKHOIAN'S MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO FILE A NOTICE OF APPEAL OF THE COURT'S ORDER DISMISSING PLAINTIFFS' ADVERSARY ACTION WITH PREJUDICE ON THE MERITS ON ALL CAUSES OF ACTION AS TO ALL PARTIES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF RONALD E. NORMAN AND PAMELA GAYOSSO; ORDER [PROPOSED]; NOTICE OF APPEAL

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.    On 8/8/19 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
    See NEF for confirmation of electronic transmission to the US Trustee, any Trustee in this case and to any attorneys who receive service by NEF.

                                                        x   Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On 8/8/19, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

HON. MAUREEN A. TIGHE, US Bankruptcy Court, 21041 Burbank Blvd., Ste. 324, Woodland Hills, CA 91367

                                                        Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

                                                        Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/8/19 | Charlene McCash | |
|--------|-----------------|--|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE INFORMATION** (if needed):

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Richard Burstein    rburstein@bg.law, ecf@bg.law
- Jeffrey Huron    jhuron@dykema.com,
  ebailon@dykema.com;catherall@dykema.com;jcedano@dykema.com;DocketLA@dykema.com
- Gregory K Jones    GJones@dykema.com, CAcossano@dykema.com;DocketLA@dykema.com
- Talin Keshishian    tkeshishian@bg.law, ecf@bg.law
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Reed S Waddell    rwaddell@frandzel.com, sking@frandzel.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 9013-3.1 PROOF SERVICE